## McPHERSON v. CURTS.

1. BANKS AND BANKING—FINANCE COMPANY—LICENSES.

A foreign corporation authorized to do business in Michigan, which has not bought or sold securities since Act No. 307, Pub. Acts 1925, went into effect, cannot be said to be doing the business of a "finance company" in violation of said act because not licensed thereunder, although it has accepted payments on land contracts entered into before said date and maintains its office to engage in operations other than those of a finance company.[1]

2. SAME—QUESTIONS FOR CONSIDERATION.

What impelled a foreign corporation to discontinue its business as a "finance company" after the passage of Act No. 307, Pub. Acts 1925, requiring such companies to obtain a certificate of authority from the commissioner of banking, and whether or not it is solvent, are questions not open for consideration in proceedings by the commissioner for the appointment of a receiver for the corporation.[2]

3. COSTS—PUBLIC MATTER—GOOD FAITH.

Where the banking commissioner acted in good faith and with apparent right for the appointment of a receiver for a foreign corporation failing to comply with the provisions of Act No. 307, Pub. Acts 1925, no costs are awarded either party, although the record shows no violation of the act, and decree appointing receiver is reversed, on appeal.[3]

Appeal from Ingham; Carr (Leland W.), J. Submitted June 23, 1926. (Docket No. 66.) Decided July 22, 1926.

Bill by Hugh A. McPherson, commissioner of the banking department of the State of Michigan, against Edwin J. Curts, the Great Lakes Finance Corporation and others for the appointment of a receiver for de-

[1]Banks and Banking, 7 C. J. § 17; [2]Id., 7 C. J. § 17; [3]Costs, 15 C. J. § 70.

fendant corporation.    From a decree for plaintiff, defendant corporation appeals.    Reversed.

*Andrew B. Dougherty,* Attorney General, and *Carl D. Mosier,* Assistant Attorney General, for plaintiff.

*Orville H. Foster, Jr.,* for appellant.

SNOW, J.    The defendant is a Delaware corporation, authorized to do business in the State of Michigan, and maintains its office in the Real Estate Exchange building in the city of Detroit.    Up until January 1, 1926, it was a "finance company" within the meaning of Act No. 307, Pub. Acts 1925.    After that date it claims it discontinued all business of every sort that would bring it within such classification, although it continued to maintain its offices as before.    The plaintiff denies this fact, and claims that after January 1, 1926, the company still continued to operate its business, which was of such a character that it constituted a continuance of the business of a "finance company," bringing it within the provisions of said act, but that it failed to comply with such provisions and did not obtain a certificate of authority from the commissioner of banking, as required.    Thereupon plaintiff banking commissioner took possession of defendant's property, filed a bill under the statute for the appointment of a receiver, and from a decree granting the relief prayed defendants bring their appeal.

The trial court correctly concluded that the only question in the case was whether or not the defendant corporation had continued its business as a finance company after the beginning of the 1926 calendar year.    He determined that it had, and that consequently it came within the provisions of the act referred to, giving as reasons for such determination:

"The record as made does not show that defendant

has bought or sold securities since the first of January. It has, however, received payments for property previously sold by it, has maintained its office and has taken no action of any kind to indicate to the public generally that it did not and does not, at this time, intend to continue in its previously established business."

The record discloses the correctness of this conclusion of fact by the trial court, but we are constrained to hold that this is not sufficient proof that the defendant corporation continued to operate and conduct its business as a finance corporation after January 1, 1926.

The defendant, under its articles of association and its authority to do business in this State, had the right to engage in operations other than that of a finance corporation, and it claims it was maintaining its office solely for such operations. The only evidence to the contrary disclosed by the record is that it received a very few payments on land contracts it had entered into before the act of 1925 became effective. This was for the purpose of winding up its affairs, and its right to do so cannot be denied it; neither can the right to maintain an office for such purpose and for other purposes than that of a finance company. The law provides for no affirmative act on the part of a corporation to show its discontinuance of a finance business, and we are not persuaded that any is necessary.

What might have impelled the defendant to discontinue its finance business, whether or not it was so involved it was not able to carry it on, or whether or not it is now in fact solvent, are not questions for consideration. The fact remains, however, that it did discontinue such business prior to January 1, 1926, and has not engaged in it since. It does not, therefore, come within the provisions of the act under consideration.

As the matter involved is a public one, and the plain-

tiff, as a public official, acted in the best of faith and with apparent right, no costs will be allowed either party.

Decree reversed.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.